IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OCTAVIO HERNANDEZ SUAREZ,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.

No. 2:02-cr-0246 WBS AC P

ORDER and

FINDINGS AND RECOMMENDATIONS

_____/

    Petitioner, a federal prisoner, has filed a motion pursuant to Federal Rule of Civil Procedure 60 to set aside the court's March 20, 2008 order denying petitioner's motion under 28 U.S.C. § 2255 to vacate his sentence. ECF No. 213. This is petitioner's second Rule 60 motion seeking to set aside the court's March 20, 2008 order. See ECF Nos. 200, 201.

    Petitioner has also filed an "Application for Writ of 'Audita Querela' Due to Intervening Change in Law by the Ninth Circuit." ECF No. 215. Petitioner invites the court to construe the application as a motion to vacate petitioner's judgment and sentence pursuant to 28 U.S.C. § 2255. See id. at 1, n. 1.

    In both motions, petitioner challenges the enhancement added to his federal drug trafficking sentence based upon his prior state drug conviction. Because both motions challenge

1

petitioner's sentence, and because this court has previously denied on the merits a motion to vacate petitioner's sentence under 28 U.S.C. § 2255, the undersigned recommends that the court dismiss the motions as unauthorized successive applications for relief, pursuant to 28 U.S.C. § 2255(h).

**Background**

On May 12, 2004, a jury convicted petitioner of 2 counts of conspiracy to distribute methamphetamine and possession with intent to distribute methamphetamine. ECF Nos. 118, 119. On July 30, 2004, the district court sentenced petitioner to two terms of 240 months, one for each count, to be served concurrently. ECF Nos. 127, 131. On July 11, 2006, the Court of Appeals for the Ninth Circuit affirmed the conviction and sentence. ECF No. 152.

On December 4, 2006, petition filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255. ECF No. 168. On March 21, 2008, the district court denied petitioner's § 2255 motion. ECF No. 193. Petitioner applied to the Court of Appeals for a certificate of appealability (ECF No. 194), which request was denied on April 10, 2009. ECF No. 199.

On June 9, 2010, petitioner moved to set aside the court's denial of his § 2255 motion pursuant to Federal Rule of Civil Procedure 60(b)(4). ECF No. 200. On June 25, 2010, the district court denied petitioner's Rule 60 motion. ECF No. 201. On July 8, 2010, petitioner moved for reconsideration of the Rule 60 denial (ECF No. 202), which motion was denied on July 27, 2010. ECF No. 203. On September 7, 2010, petitioner appealed the district court's orders denying his Rule 60 motion and denying reconsideration. ECF No. 204. On July 6, 2011, the Court of Appeals denied petitioner's request for a certificate of appealability. ECF No. 212.

On July 25, 2012, petitioner filed a second Rule 60(b) motion to set aside the court's prior denial of his § 2255 motion to vacate. ECF No. 213. On March 20, 2013, petitioner filed the application for writ of audita querela. ECF No. 215.

////

**The Rule 60(b) Motion (ECF No. 213)**

Petitioner seeks to set aside, pursuant to Federal Rules of Civil Procedure 60(b)(4), (5), and (6), this court's March 20, 2008 order denying his motion to vacate his judgment and sentence. In essence, petitioner argues that his state drug conviction did not qualify as a felony drug offense for the purposes of enhancing his sentence under 21 U.S.C. § 841. Petitioner alleges that the court's 2008 order was inconsistent with Carachuri-Rosendo v. Holder, 130 S.Ct. 2577 (2010), and accordingly the 2008 order represents a miscarriage of justice. Petitioner also alleges that he is "'actually innocent' to a ten-year sentencing enhancement. . . ."

**The Application for Writ of Audita Querela (ECF No. 215)**

Petitioner argues that he seeks a writ of audita querela in order to obtain relief which he cannot obtain under any other post-conviction remedy. Petitioner also asks that the court construe this motion as one made pursuant to 28 U.S.C. § 2255. In essence, petitioner argues that his sentence was illegally enhanced, pursuant to a recent case decided by the Court of Appeals for the Ninth Circuit, United States v. Leal, 680 F.3d 1160 (9th Cir. 2012).

**Governing Authority**

Generally, motions to contest the legality of a sentence must be filed under 28 U.S.C. § 2255 in the sentencing court. However, a second or successive motion must be certified as provided in 28 U.S.C. § 2244 by a panel of the appropriate court of appeals. 28 U.S.C. § 2255; see also 28 U.S.C. § 2244(b)(3). Because petitioner has previously filed a motion to vacate pursuant to 28 U.S.C. § 2255, he must move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider the instant applications before petitioner may proceed on them. Therefore, these applications should be dismissed without prejudice to their refiling upon obtaining authorization from the United States Court of Appeals for the Ninth Circuit.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court serve a copy of

this order on the United States Attorney for the Eastern District of California.

IT IS HEREBY RECOMMENDED

1. Movant's July 25, 2012 motion to set aside a previous § 2255 judgment (ECF No. 213), and March 20, 2013 application for writ of audita querela (ECF No. 215) be dismissed without prejudice to refiling; and

2. The clerk of the court be directed to close the companion civil case No. 2:12-cv-1957 WBS AC.

These findings and recommendations are submitted to the United States District Judge assigned to this case pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-eight days after being served with these findings and recommendations, movant may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. Movant is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 4, 2013.

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:rb
suar0246.156b

4